The next case called is number 121926, People v. Coats, agenda number two. Counsel for appellant, are you ready? And appellee, you may proceed. Thank you. May it please the court, my name is Sam Heyman. I represent the appellant LaShawn Coats on behalf of the State Appellate Defender. We're here today because LaShawn Coats was convicted of two gun possession crimes for possessing one gun. Those multiple convictions offend the intuitive rule that a person should only be punished once for one act. Fortunately, we have the one act, one crime doctrine in Illinois that prevents multiple convictions for one act. Unfortunately, the appellate court in this case failed to apply that doctrine correctly. The appellate court found that because LaShawn Coats was convicted of armed violence and armed habitual criminal, and because armed violence requires an act beyond gun possession, that being committing any felony under the laws of the state of Illinois, that there could be no one act, one crime violation, because one of the crimes required multiple acts. And that's also the state's position in this appeal. The problem with that position is that this court has repeatedly rejected the idea that simply because one crime requires more than one act, there can be no one act, one crime violation. Most recently in People v. Reese, just a few weeks ago, this court found a one act, one crime violation where the defendant was convicted of vehicular invasion and vehicular hijacking based on the same act of entering a bus, even though vehicular hijacking requires the additional act of exerting control over the vehicle. And then in People v. McLaurin, which is the main case we rely on, this court found a one act, one crime violation where the defendant was convicted of residential burglary and home invasion, finding that those were based on the same act of entering  the additional act of inflicting harm on the victim. And then you have the numerous felony murder cases, felony murder and intentional murder, or knowing murder cases where this court found one act, one crime violations where, even though felony murder requires an additional act in committing the predicate felony. So it's simply an overstatement to say that whenever, excuse me. McLaurin, can I go back to McLaurin? Sure. And that you certainly cite that extensively for your briefs. It's a capital case, I think there are 15 issues. Correct. The one act, one crime are issues 11, 12, and 13. Correct. And they're about a paragraph each and not a lot of discussion. That's entirely true. Everything that you said is true. So issue 11 was an argument at one act, one crime in terms of murder and home invasion. Right. And the court looked at that and said, the argument was they're both based on setting the fire. Right. And the court said, well, no. They both have the element of setting the fire. This is an arson case. But home invasion has two acts. Not only the setting of the fire, but the entry. Right. And so therefore, the court said in issue 11 that there was no violation of one act, one crime. Right. How is that consistent with what you're arguing here? Because the crux of neither home invasion nor murder is the act of setting a fire. So the implicit rule that we're asking this court to make explicit is that when the shared act is the crucial act in both crimes, then both commissions can't stand. There's a one act rule. That's not what McLaren did on that issue, correct? It allowed, well, no, because the home, because the crucial act. I'm sorry, the first issue, the other issue. 11, 12, 13, you're talking about 12. I'm talking about 11. Intentional murder, home invasion. Argument is one act, one crime. Setting of the fire is an act that's in both offenses. The court rejected that argument and said, no, no, no. Home invasion has two acts. Right. Setting the fire plus entry, and therefore, one act, one crime did not apply. And so the conviction for home invasion stood along with the conviction for murder. Right, but that's because later in issue 12 or 13, this court said implicitly that the crux of home invasion is the entry of a dwelling. So the crucial act, I mean. He didn't really, let's be honest. Right, well, it's implicit. There's no analysis. Exactly, there is none, and we can see that. But the only way to reconcile McLaren, our position is the only way to reconcile McLaren with Rodriguez, which is two, and McLaren is two years after Rodriguez, is to, is this implicit rule that we're asking this court to make explicit in this case? And that is when. Neither offense is a lesser included offense, right? Right. And the state would argue that that fact in and of itself would indicate one act, one crime principle is gonna apply. Does that go back to your crucial act analysis? Right, exactly. I mean, it's simply an overstatement to say that just because, just when there are multiple acts and the crimes are not lesser, one of the crimes is not lesser included, that there can never be a one act, one crime violation. So that implicit rule that we're asking this court to make explicit, that when two crimes share the same crucial act, whether that's entering a dwelling, like in McLaren, or entering a vehicle, like in Reese, or causing the death of the victim, as in the felony murder cases, or possessing a single gun, as in this case, that rule's consistent with Reese, McLaren, Rodriguez, and the felony murder cases. In applying that rule, the outcome here is simple. The crucial act of armed violence and armed habitual criminal is gun possession. There was one gun possessed, and the state concedes, for our purposes today, that possession of a single gun is one act. So because the crucial act was shared across those two convictions, only one conviction can stand. The state attempts to rely on Rodriguez to avoid that result, but Rodriguez is consistent with the rule because the defendant in Rodriguez argued that because brandishing a gun was a common element of both his home invasion conviction and his aggravated criminal sexual assault conviction that there was only one actual gun violation. He couldn't be convicted of both. And this court recognized that it makes no sense to say that either home invasion or sexual assault is based on the act of brandishing a gun. The crucial act in home invasion is entering the dwelling. The crucial act of aggravated sexual assault is the sexual contact. Could you talk to us about Keeble versus Artis, a case that this court somewhat recently reaffirmed, the King Doctrine, and certainly reaffirmed Rodriguez. Like most cases that deal with this issue, the analysis begins with the famous paragraph from King about where prejudice arise. A single act, but if there are multiple acts, then the question is whether it's a lesser included. The court seems to reaffirm all of those ideas, and certainly nothing here, certainly none of the words that you're using, crux and those kind of words, appear in the court's most recent reaffirmation of King. Well, I think it's certainly implicit, and... Where is it implicit? Well, I think the language in King about an outward manifestation, I think that could be construed as the sort of crucial act that can support a different offense. And again, I mean, unless McClellan was wrongly decided, which has never, I mean, the state doesn't argue that in their brief, and it's really not an issue in this case. But the only way to reconcile these cases, it seems, is this implicit rule that it's not literally, the language of King is not literal in that any time a crime involves multiple acts, that there can be no one actual crime violation. Because in McClellan, obviously the home invasion required multiple acts, the vehicular hijacking in Reese required multiple acts. So... Is residential burglary a lesser includer of home invasion? It was not in that case, because the way it was charged in McClellan was the entry, plus the intent to commit a felony therein, excuse me, to commit a theft therein. And... Is residential burglary lesser included of home invasion? It was, no, it was not. Why? Because the way it was charged, the burglary where they charged was an intent to commit a theft therein. They didn't charge the intent to commit a felony, that being the infliction of harm that the home invasion was based on. Didn't McClellan have, weren't there two acts in McClellan? And there were four, one act, one crime situations that were brought to the attention of the court there, and they said there were only two acts, and they cut out two of the crimes. Isn't that what happened? That is what happened, but... That isn't a crux situation, is it? But the way this court decided which conditions to vacate was sort of the analysis we're asking this court to make explicit today, in terms of what is the crux of these offenses. What about Rodriguez? We keep mentioning that, but wasn't that just stand for the proposition that first degree murder is regardless of how it occurred, rather than a crux situation? In Rodriguez, or? In Rodriguez. When Rodriguez, he argued that brandishing the gun was a common act, and therefore that he couldn't be convicted of both crimes, and this court recognized that, well, the gun was not really the crucial act in either of them, so it was okay for both crimes to stand. The other way to think about, the other way to distinguish Rodriguez, and to frame the rule that we're asking this court to make explicit, is that when two crimes share an act, if that act alone completes one of the crimes, if it's the only act required for one of the crimes, then there's gonna be a one act, one crime problem. So in McLaurin, the only act required for the burglary was the entry. The other element of burglary is a mental state. Same with Reese. The only act required for the vehicular invasion was the entry of the vehicle. The other element was a mental state. You don't think Rodriguez stood for the proposition that first degree murder is a single offense, and the different theories embodied, maybe in the first degree murder statute, are just different ways to commit the same crime, rather than looking at your, the way you play those situations as the crux of the crime? Well, the state makes that point in their brief also, but to me, that's beside the point, because you can be validly convicted of multiple counts of the same crime. Under one act, one crime, you still have to look at whether the crimes are based on the same act. And we're submitting that you really look at whether it's the same crucial act, not literally whether one of the crimes involves multiple acts. Because if you were to hold that any time a crime involves multiple acts, there can be no one act, one crime violation. You'd have to overrule all dispelling of murder cases where this court invoked the language of one act, one crime. In McLaurin, obviously, Reese, apparently. How do you determine what's the crucial act? Well, I think, obviously in this case- For example, why is not the possession of the heroin the crucial act? Right, so for armed violence, I mean, first of all, you can look at the title of the crime, the name of the crime. You can look at the statement of legislative intent in the statute, which is very concerned with the gun and the, whatever the, I mean, the felony doesn't have to be specified. It can be the least serious felony imaginable. So I think it's very clear that the General Assembly was targeting gun possession with armed violence, not the underlying felony. And if you look at the penalty also. So yeah, you look at the statute, and obviously in Lombardi, this court also determined that the crux of armed violence is gun possession, not the felony. So you look at the statute, legislative history, but then you ultimately look at the facts, like this court has always done in one act, one crime analysis. And in this case, he's convicted of two gun possession crimes, armed violence and armed habitual criminal. And there was only one gun. It's really, that's really the- So he would not be punished for having possession of the drugs? Well, the state could have charged him. I mean, the judge could have entered a separate sentence on the heroin possession. The state could have charged it and did charge it independently, the heroin possession. So, I mean, it's not like he's getting away with something. He would have been getting away with something, but like a freebie with the heroin. The state can always charge it and a judge can always enter a sentence on a different predicate felony, not necessarily on the same predicate felony. Is that how one act, one crime is supposed to work? In what way, Your Honor? Well, here, you agree there are two acts. In armed violence, I agree that armed violence requires the predicate felony, yes. Your theory, the defendant has, will, even though the state has charged him with that offense that the legislature created, the defendant will not be punished for one of those acts. Is that how this is supposed to work? Well, when the General Assembly, I mean, the General Assembly, it's within their power to specify that the predicate felony also get a separate sentence. And if they, you know, there's nothing unconstitutional with that. They have the power to do it. One act, one crime doctrine is longstanding in Illinois. They're certainly aware of it. So, if they imagine that was a problem, it would be within their power to correct it. It's also worth noting in this case, I mean, the state charged a different, the state charged a drug count that was not a predicate in this case, and the judge, you know, didn't enter judgment on one of the counts and also didn't find him guilty of one of the counts. So, you know, it's a situation where maybe the judge was exercising lenity that he felt that he was gonna be constrained by statutes that he didn't necessarily agree with. So, yeah, the other, again, the other way to think about the Rodriguez is that the, in Rodriguez, each crime, the home invasion, the aggravated criminal sexual assault required an additional act. So, there wasn't a one act, one crime problem because a single act did not complete one of the crimes, unlike McLaurin and unlike felony murder cases in Reese. But in this case, the unconventional criminal conviction should be vacated for both those reasons. First of all, the crucial act is gun possession for both armed violence and armed individual criminal. And secondly, the shared act was the only act, the shared act of gun possession was the only act required to prove our individual criminal. The other element of our individual criminal was simply a status. And then finally, I'd like to just briefly address the decisions in White and Williams, which is we asked this court to resolve the dispute between those cases and the reasoning in this case as well. Of course, our position is that Williams reached the correct result, although the reasoning in Williams was based on simultaneous possession theory. The idea that simultaneous possession of two items was only a single act and after Allman, this court's decision in Allman, that's not correct reasoning. But again, Williams did correctly recognize that the defendant was being inappropriately punished for twice for possessing one gun. White, on the other hand, recognized that the defendant's unlawful use of a weapon conviction in that case was immediately completed by the shared act of gun possession, but White didn't understand why that was significant. And then in this case, the appellate court relied mainly on White, but then added a new theory that possession of a single item can be divided into multiple acts. And the state disavows that reasoning, doesn't defend it. We agree that it can't be defended, really. But the confused reasoning in those three cases illustrates the need for this court to clarify the law in this area. So if there's no other questions, I'd just ask that, you know, Lashawn Coates was convicted of two gun possession crimes for possessing one gun. And that single act of possession was the only act involved in one of the crimes. So for both those reasons, this court should vacate Coates' armed habitual criminal conviction, the less serious conviction, and clarify the one act, one crime doctrine in this area. Thank you. Thank you, counsel. May it please the court. Counsel, Rita Stotts from the Attorney General's Office for the People. There are really two different issues here. The first is the one act, one crime issue. And defendant is attempting to get his case under the one act, one crime rule because he wants to make it look like he's not doing anything new. But there is clearly no violation of the one act, one crime rule as it currently exists. That rule says you count up the number of distinct physical acts, and you can have as many convictions under different statutes as physical acts, assuming neither offense is a lesser included. And that's the second part of the one act, one crime test. We're not talking about it in these briefs because there's no dispute that neither offense is lesser included. But under Allman, it's very clear, two distinct physical acts, that's the end of the analysis for one act, one crime purposes. If a loaded gun is two physical acts, which was the holding in Allman, certainly holding a gun in one hand, holding 92 bags of heroin in the other, are two distinct physical acts. So that's all that's needed to address the one act, one crime part of the case. What defendant's really asking here is for a new rule that would prohibit two convictions whenever there's an overlapping element. One problem with that is that's exactly the rule this court already rejected in Rodriguez. The only difference is the defendant's adding this Crooks language. He's re-arguing Rodriguez with new terminology. Rodriguez was very similar to this case. There was an overlapping gun element. There was two charges, armed or aggravated criminal sexual assault, home invasion. Both had an overlapping element of the defendant threatening the victim with a gun. As here, the gun is an element of both offenses. And this court said in Rodriguez, that's not a problem. Multiple convictions were proper because the defendant committed multiple acts. That's the same case here. There's no expansion of one act, one crime to prohibit convictions with overlapping elements. There's also no conflict between Rodriguez and McLaurin. Some of the questioning has pointed out the problem that's led to defendant's misreading of McLaurin is isolating one paragraph of the decision talking about just home invasion and residential burglary. And there are a couple of appellate court's opinions that misread it that way too. But McLaurin was correctly decided under the one act, one crime rule. And the point that made McLaurin come out the way it did is that you count up the number of offenses and you map each offense to, pardon me, you map each physical act to an offense for one act, one crime purposes. And you only use it once. And that's why the residential burglary had to be vacated in that case because the entry was- Could you run right by me again? Pardon me. So certainly this paragraph in McLaurin is the main case, certainly the briefs that counsel's relying on. So let's break it down a little bit more. First paragraph is intentional murder, home invasion. The court says, no, those are multiple acts and there's no violation of one act, one crime. Next paragraph, home invasion, residential burglary. The court says, yes, that's a violation of one act, one crime. How do you reconcile that? So the defendant committed two physical acts in this case. He entered a dwelling and he set the victim on fire. He got four convictions. He could only get two under one act, one crime. So the first question, murder and home invasion. Murder has one physical act, setting the victim on fire. Home invasion has two, entering the dwelling and setting the victim on fire. So the court says, no problem between those two. Home invasion has an extra act. But we know that the setting the victim on fire act has already been attributed to the murder conviction for one act, one crime purposes. So we can't use that physical act again. So then when we get to the next part, home invasion and residential burglary, home invasion again has two acts, the entry and the setting the victim on fire. Residential burglary has one, the entry. So they have an overlapping act of the entry and home invasion has to be predicated on the entry because the other act of setting the victim on fire has already been used up for one act, one crime purposes. It's already been used to support the murder conviction against a one act, one crime challenge. So it's a question of just reading all the offenses and all the acts together, making sure there are no more offenses than there are physical acts. I hope that helps a little bit. So there's no conflict between McLaurin and Rodriguez. And the defendant's also citing some murder cases that he says support his Crux rule. Like all the other cases, these do not talk about Crux or Essence or Graviman. There are no cases on this point. Defendant has made up this rule. The murder cases, defendant is right to the extent that some of those cases use one act, one crime language, but they are better understood as unit of prosecution cases. So unit of prosecution is about whether certain conduct will support one conviction for a particular offense or multiple convictions under that statute. So the question in those cases was, was the defendant guilty of one murder or two murders? And that's answered by the unit of prosecution for murder. The unit of prosecution for murder is the victim. You get one conviction per victim. So although some of those cases did use a little bit of one act, one crime terminology, they're really unit of prosecution cases. So Shum, for instance, says, was a question where the defendant killed a pregnant woman and her unborn baby. And the court said, it's well settled that separate victims require separate convictions. That's a unit of prosecution theory. One conviction per victim. It's the same case in the case's defendant citing where a defendant is convicted of murder on multiple theories, say intentional murder and felony murder. Does he get one conviction or two? He gets one because the unit of prosecution is one conviction per victim. It's not a one act, one crime issue. So those are about whether conduct is one offense or one conviction under a statute or multiple convictions under the same statute. One act, one crime is really a different issue. That's about whether certain conduct amounts to convictions under two distinct statutes. As the cases say, it's about, can you carve up one physical act into two distinct offenses? And under that rule, the answer here is clear. There are two distinct acts. So two convictions are not a problem. So there's no support in any of this court's cases for a defendant's expanded crux rule. In addition to that, there's no need for the rule. Defendant hasn't explained why this rule wasn't... Defendant hasn't explained why this rule is needed to protect him against any unfairness. Criminal defendants already have two strong protections against overcharging. They've got double jeopardy, which prohibits convictions where one offense is a lesser included of the other, and they have one act, one crime, which caps the number of offenses under distinct statutes at the number of physical acts. So there's no reason that any more protections are required. And there's certainly no unfairness here where the defendant did two distinct criminal acts. He got two convictions. In addition to there being no authority for the rule and no need for the rule, the rule is completely unworkable. It's clear from what the defendant has just argued that his crux rule is about figuring out what he thinks is the most important element of a given offense. That test will never work. There's no such thing as a most important element. All elements are necessary for conviction. If a legislature thought certain elements weren't important, it wouldn't have made them elements. What he seems to be saying is that the crux is the same as the statutory purpose. And he's relying on people v. Lombardi, which was a statutory purpose case under the old cross-comparison analysis under the proportionate penalties clause. If that's what he's arguing for, this court certainly should not adopt it. The statutory purpose test turned out to be completely unworkable because it would turn on how broadly you define the purpose. Is it to punish one element or is it to punish crime in general? And the court abandoned that test back in 2005 in Sharpe and it said there is simply no principled, objective way to define it. That was talking about statutory purpose, but it's the same for this crux test that the defendant is proposing. So the test would be unworkable and in addition to being unnecessary. One other example of how the test would not make sense is the defendant's position with respect to the offense of home invasion. Home invasion always requires two physical acts, entry into a dwelling, and then an act of force or violence or threat against an occupant. One of those could be sexual assault. His position is that the entry into the dwelling is the crux of home invasion. That makes no sense, at least from the victim's perspective. From the victim who's sexually assaulted in their home, certainly they would think that the more significant act there is the sexual assault, not the entry into the home. So that's just one example of how unworkable defendant's test would be. So to sum up, there's no reason for this new rule and under the existing One Act, One Crime rule, there's no problem because defendant committed two acts. Oh, one other, I think a defendant mentioned Reese. I don't know that that was cited in the briefs of it was, I missed it. If the court determines that Reese is significant to this case, I'd be happy to submit some supplemental authority addressing it.  I'd ask the court to affirm the judgment. Thank you. Rebuttal. First of all, counsel's correct, Reese was not briefed. It's a brand new case from this court, but we'd be happy also to file a supplemental brief as well on the point. Just very briefly, the state attempts to reconcile the Maclaurin and the felony murder cases with, well, in Maclaurin, this mapping language, you have to map the number of acts to the offenses and then for the felony murder cases, they're really unit of prosecution cases. Of course, there's nothing in those cases that holds so, that holds that the holding in Maclaurin rested on mapping the elements to, the acts to different crimes. And there's nothing in the felony murder cases that holds that, well, actually, we're not talking about one act or one crime, we're talking about unit of prosecution. And then the only other thing I'd like to address is that this is, you know, we live in a common law system. One of the cornerstones of common law is judicial interpretation. It's not a lot to ask trial judges, appellate judges, to determine what the crucial act involved in a crime is. So there's nothing unworkable about this. In fact, this court has done it multiple times with robbery, just recently in Reese. This court cited cases holding that the essence of robbery is the taking of property by force. So it's not something that's hard to identify. It's workable and really what it comes down to is there is a tension between Maclaurin and Rodriguez and the felony murder cases. And we submit that the only way to really harmonize those cases is this implicit rule that we're asking this court to make explicit. So if there's no other questions, I'd ask that you vacate LaShon Kessler's conviction for armed habitual criminal. Thank you. Thank you. Case number 121926, People v. Coach will be taken under advisement as agenda number two. Mr. Heyman, Ms. Stotz, we thank you for your arguments today.